**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

IN RE: THE MARRIAGE OF:

**JENNIFER CROFT n/k/a
JENNIFER PEERS,**

      **Plaintiff,**

**v.**                                                    **Case No.  8:04-cv-1768-T-TBM**

**TERRAL L. CROFT,**

      **Defendant,**

**v.**

**UNITED STATES,**

      **Third Party Defendant.**
_____/

**O R D E R**

THIS MATTER is before the court on the **Motion by the United States for Summary Judgment** (Doc. 17).  The Plaintiff has not filed a response to the motion.

I.

The undisputed facts establish that on July 6, 1988, the Circuit Court in and for Pinellas County, Florida (hereinafter "the circuit court"), entered a Final Judgment of Dissolution of Marriage, which, *inter alia,* ordered Terral Croft to pay child support to Plaintiff.  The Final Judgment of Dissolution of Marriage also granted Plaintiff use and

possession of the marital residence located at 9025 First Street Northeast, St. Petersburg, Florida. Mr. Croft was not faithful in making child support payments, and in accordance with Florida law, on March 21, 1992, and August 26, 1994, the Clerk of the circuit court entered Judgments by Operation of Law on the accruing child support.[1] On August 26, 1996, the United States Internal Revenue Service (hereinafter "IRS") filed a Notice of Federal Tax Lien as against Mr. Croft's interest in the home securing certain unpaid tax liabilities of Mr. Croft.[2] On April 6, 2004, the circuit court granted Plaintiff's Motion for Contempt/Final Judgment and entered a Final Judgment against Mr. Croft in the amount of the support arrearage, $131,495.34, together with additional interest effective August 26, 1994. By the Final Judgment, Mr. Croft agreed to pay a sum certain in cash to Plaintiff and to take such steps as necessary to transfer to Plaintiff his interest in the marital residence, without any lien or encumbrance, in full satisfaction of the support arrears. Additionally, Plaintiff's exclusive use ownership and possession of the property was reconfirmed, and she was granted an equitable lien on Mr. Croft's interest in the subject property and permission to file a complaint seeking to foreclose said lien. See (Doc. 17, Ex. 9).

   Plaintiff filed the instant action in the circuit court, alleging that any lien interest of the IRS is inferior to her claims in the subject property and seeking, in pertinent part, to

---

[1] A copy of the March 21, 1992, Judgment by Operation of Law is submitted as an exhibit. See (Doc. 17, Ex. 8). The August 26, 1994, Judgment by Operation of Law is not contained in the record but is referenced in the Final Judgment. See (Doc. 17, Ex. 9).

[2] According to the notice, Mr. Croft had unpaid assessments totaling $73,857.06.

foreclose the IRS lien.[3]  See (Doc. 2).  The United States of America (hereinafter "the Government"), as third-party defendant, removed the action to the district court, see (Doc. 1), and filed its Answer (Doc. 7) to the Complaint.  The Government now seeks entry of summary judgment on grounds that its Notice of Federal Tax Lien was filed before the Plaintiff became a judgment lien creditor, and thus its interest is superior to that of the Plaintiff.[4]

II.

The court shall grant summary judgment for the moving party only when "there is no genuine issue as to any material fact . . . the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The court may look to "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," in determining whether summary judgment is appropriate.  Fed. R. Civ. P. 56(c).  The movant bears the exacting burden of demonstrating that there is no dispute as to any material fact in

---

[3]As against the former husband, the complaint seeks to foreclose her Judgment of April 6, 2004, and a declaration that the Final Judgment is a constructive/equitable lien against the former husband's undivided interest in the real property and that the homestead entitlement(s), if any, of the former husband are not enforceable as against the Judgment of support.  It does not appear that Mr. Croft was served in this action, nor has he filed an appearance, answered the complaint, or otherwise participated in the litigation.

[4]At a status conference conducted on March 31, 2005, counsel for the Government advised that the Government does not intend to foreclose on the tax lien even if its priority is established over Plaintiff's judgment lien.  Instead, the Government would seek to satisfy the lien from proceeds of the sale of the property upon Plaintiff's disposition of the property or otherwise by agreement with the Plaintiff.

the case. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993).

Once the moving party satisfies its burden, the burden shifts to the non-moving party to establish the existence of a genuine issue of material fact. Celotex, 477 U.S. at 324; Howard v. BP Oil Co., 32 F.3d 520, 524 (11th Cir. 1994). The non-movant must designate specific facts showing a genuine issue for trial beyond mere allegations or the party's perception. Perkins v. School Bd. of Pinellas County, 902 F. Supp. 1503 (M.D. Fla. 1995). It must set forth, by affidavit or other appropriate means, specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e).

When deciding a motion for summary judgment, "[i]t is not part of the court's function . . . to decide issues of material fact, but rather determine whether such issues exist to be tried . . ." and "[t]he court must avoid weighing conflicting evidence or making credibility determinations." Hairston, 9 F.3d at 919 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)). The only determination for the court in a summary judgment proceeding is whether there exists genuine and material issues of fact to be tried. Hairston, 9 F.3d at 921; see also Little v. United Techs., Carrier Transicold Div., 103 F.3d 956, 959 (11th Cir. 1997). All the evidence and inferences from the underlying facts must be viewed in the light most favorable to the nonmoving party. Combs v. Plantation Patterns, 106 F.3d 1519, 1526 (11th Cir. 1997).

III.

The Federal Tax Lien Act (hereinafter "the Act") creates a lien in favor of the United States upon "all property or rights to property, whether real or personal," belonging to "any person [who] neglects or refuses to pay any tax after demand." 26 U.S.C. § 6321. The tax lien arises at the time of assessment and is perfected by filing. 26 U.S.C. § 6322. State law governs the determination of a taxpayer's interest in property. United States v. Rodgers, 461 U.S. 677, 683 (1983). Once a taxpayer's interest in property is established and a federal tax lien arises, however, federal law governs the priority of competing liens. Aquilino v. United States, 363 U.S. 509, 514 (1960); Griswold v. United States, 59 F.3d 1571, 1575 (11th Cir. 1995); Southern Bank of Lauderdale County v. I.R.S., 770 F.2d 1001, 1004 (11th Cir. 1985). Federal tax liens do not automatically have priority over all other liens; the Act specifies that a tax lien is not valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until the tax lien is properly recorded. 26 U.S.C. § 6323(a). In other words, as to these interest holders, the "first in time, first in right" priority applies. United States v. McDermott, 507 U.S. 447, 449 (1993); Jonathan's Landing, Inc. v. Townsend, 960 F.2d 1538, 1540 (11th Cir. 1992); see also United States v. Estate of Francis J. Romani, 523 U.S. 517 (1998).

Plaintiff's allegations do not suggest that she claims superior rights as a purchaser, holder of a security interest, or mechanic's lienor, and the court can find no support for such position under the applicable standards. As for the "judgment lien creditor" stakeholder, the relevant Treasury regulations state:

5

> a person who has obtained a valid judgment, in a court of
> record and of competent jurisdiction, for the recovery of
> specifically designated property or for a certain sum of
> money . . . [and] who has perfected a lien under the judgment
> on the property involved. . . .

26 C.F.R. § 301.6323(h)-1(g). Under this provision and applicable law, a competing state lien is "first in time" when it is perfected, i.e., when the identity of the lienor, the property subject to the lien, and the amount of the lien are established. Id.; McDermott, 507 U.S. at 449 (quoting United States v. City of New Britain, Conn., 347 U.S. 81, 84 (1954)).

Under Florida law, the legal effect of a final judgment entered in a dissolution of marriage proceeding is established by Florida Statutes section § 61.075(4), which provides in pertinent part:

> The judgment distributing assets shall have the effect of a
> duly executed instrument of conveyance, transfer, release or
> acquisition which is recorded in the county where the
> property is located when the judgment or a certified copy of
> the judgment is recorded in the official records of the county
> in which the property is located.

Id. A judgment becomes a lien on all real property when a certified copy is recorded in the official records. Fla. Stat. ch. 55.10. Only when nothing further needs to be done except execute on judgment does an order become "final." Fla. Land Title Co. v. Martinez, No. 93-1779-CIV-T-17C, 1995 WL 644217, at *4 (M.D. Fla. Aug. 25, 1995) (citing In re Walsh, 123 B.R. 925, 928 (Bankr. M.D. Fla.1991)). Here, at that time of the dissolution decree, by operation of law, Plaintiff and Mr. Croft became tenants in common and joint owners of the subject property. See Fla. Stat. ch. 689.15; Johnson v. Johnson, No. 1D04-3187, 2005 WL 1162908, at *2 (Fla. Dist. Ct. App. May 18, 2005).

6

By her Petition, Plaintiff claims an equitable entitlement to monies owed to her by Mr. Croft dating to July 6, 1988, the date that the Final Judgment of Dissolution of Marriage was entered and Mr. Croft's support obligation was created and thereafter upon entry of the Judgments by Operation of Law. While this appears correct under Florida law, her interest in an equivalent share of the real property was not perfected by such equitable entitlement. In the circumstances of this case, Plaintiff was not a judgment lien creditor in the marital residence by reason of the divorce decree nor by reason of the Judgments by Operation of Law. At the very earliest, Plaintiff could claim such status as of the recording of the Final Judgment of April 6, 2004, in the official records of Pinellas County.

The Government's tax lien attached to Mr. Croft's one-half interest in the property at the time of assessment on January 1, 1996. See (Doc. 17, Ex. 1). The United States filed its Notice of Federal Tax Lien, thereby perfecting its lien, on August 22, 1996. See id. Thus, the Government's tax lien was perfected prior to Plaintiff acquiring status as a judgment lien creditor. Because the tax lien was first in time, it is superior to Plaintiff's equitable lien in the property.[5] As the petition relates to the Government, there is no genuine issue of material fact that remain to be tried, and the United States is entitled to judgment as a matter of law.

---

[5]The court notes that the Florida state exemption statute for homestead property does not avoid a federal tax lien. 26 U.S.C. § 6334 outlines the circumstances under which certain property are exempt from a federal tax lien. State homestead exempt property is not among the property listed as being exempt from levy. See id.; United States v. Rodgers, 461 U.S. 677, 701 (1982).

Accordingly, it is **ORDERED** that the **Motion by the United States for Summary Judgment** (Doc. 17) is **GRANTED**. The remainder of the suit is dismissed without prejudice for the Plaintiff to pursue any remedies left available to her under the Final Judgment. The Clerk is directed to terminate all pending motions and close the file.

**Done and Ordered** in Tampa, Florida, this 30th day of June 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record